**ORIGINAL**

# In the United States Court of Federal Claims

No. 13-107 T

(Filed July 25, 2013)

**UNPUBLISHED**

**FILED**

JUL 25 2013

U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| * * * * * * * * * * * * *  * | Tax; Refund Claim; 26 U.S.C. |
| OLGA E. MARTINEZ,          * | § 6511(a) (2006); 26 U.S.C. |
| * | § 6511(b)(2)(A) (2006); Suspension |
| *Pro Se* Plaintiff,    * | of Statute of Limitations Due to |
| * | Financial Disability under 26 U.S.C. |
| v.                         * | § 6511(h) (2006); Revenue |
| * | Procedure 99-21, 1999-1 C.B. 960; |
| THE UNITED STATES,         * | RCFC 12(b)(1); Whether Plaintiff |
| * | Followed Required Procedure to |
| Defendant.           * | Prove She Was Financially Disabled. |
| * * * * * * * * * * * * *  * | |

*Olga E. Martinez*, Cicero, IL, *pro se*.

*Gregory S. Knapp*, United States Department of Justice, with whom were *Kathyn Keneally*, Assistant Attorney General, and *David I. Pincus*, Chief, Court of Federal Claims Section, Washington, DC, for defendant.

_____

**OPINION**
_____

Bush, *Judge*.

This matter is before the court on defendant's motion to dismiss brought primarily under Rule 12(b)(1) of the Rules of the United States Court of Federal

Claims (RCFC).[1] Defendant asserts that plaintiff's tax refund claim is time-barred by 26 U.S.C. § 6511 (2006). Ms. Olga E. Martinez, proceeding *pro se*, has offered no legal authority that would counter defendant's challenge to her claim. On the facts before the court, defendant's motion is granted and plaintiff's complaint must be dismissed for lack of jurisdiction. The court notes, however, that dismissal for lack of jurisdiction under RCFC 12(b)(1) is without prejudice.

## BACKGROUND[2]

For the "2005 tax year, plaintiff had an assessed tax liability of $7,298 and withholding payments totaling $10,536, resulting in a tax overpayment of $3,238." Def.'s Mot. at 2 (citing Def.'s Mot. Ex. 1 at A-2.) Ms. Martinez did not file a 2005 tax year return with the Internal Revenue Service (IRS) until March 20, 2011, claiming that she was due a refund of $4457. *Id.*; *see also id.* Ex. 2 at A-5. According to defendant, plaintiff made an error in calculating her 2005 taxes (substituting $6079 for $7298 for the amount of taxes owed for tax year 2005), resulting in the discrepancy between the IRS's calculation of a $3238 tax overpayment and the $4457 amount requested as a refund by Ms. Martinez. In any case, plaintiff seeks a $3238 judgment in her suit in this court, *see* Compl. at 1, although her subsequent communications with defendant's counsel appear to have convinced her, incongruously, that the "actual refund" she is owed is $4457. Pl.'s

---

[1] Defendant originally argued that dismissal should be under RCFC 12(b)(6). *See* Def.'s Mot. at 1. After further consideration of precedent, defendant states that there is a split in authority in this court as to the proper rule under which dismissal should occur in this type of timeliness challenge to a tax refund claim. Def.'s Reply at 1 n.1. Defendant concludes that dismissal under RCFC 12(b)(1) is supported by the greater weight of authority. *Id.* Thus, defendant challenges the complaint under RCFC 12(b)(1), but believes that dismissal under either RCFC 12(b)(1) or RCFC 12(b)(6) is warranted in this case. *Id.* The court will briefly address the split in authority highlighted by defendant in this opinion.

[2] The facts recited here are taken largely from defendant's motion to dismiss, because the three-paragraph complaint presents a bare legal claim without supporting factual background. Defendant notes that "[t]he complaint does not include the information generally required for tax refund claims in this Court, including 'a copy of the claim for refund' or a statement identifying the tax year(s) at issue." Def.'s Mot. at 2 (citing RCFC 9(m)(1)-(2)). The court also relies on the complaint and plaintiff's response "brief," a letter sent only to defendant and attached to defendant's reply brief as Exhibit 1 (a document of seven pages which are largely unnumbered). To reduce confusion, page references in this opinion to plaintiff's response brief will use the format of "Pl.'s Resp. at 1," not "Def.'s Reply Ex. 1 at 1."

Resp. at 1 ("Mr. [K]napp states that the actual refund should be for $4457.00. I filed [suit] for $3,238.00 because this is the amount the IRS quoted me."), 3 ("Per Mr. Knapp, actual refund should be for $4457.00 rather than $3238.00."). The court need not resolve this apparent discrepancy, but notes that the government's position, and the position of defendant's counsel Mr. Gregory Knapp, is that plaintiff's tax overpayment for tax year 2005 was $3238, not $4457. Def.'s Mot. at 2, Ex. 1 at A-2; Def.'s Reply at 3 n.3.

The court reserves its review of the statutory framework for determining whether a tax refund claim is filed too late for the analysis section of this opinion. As a factual matter, the complaint asserts that Ms. Martinez did not file her tax refund claim earlier than 2011 because of illness. *See* Compl. at 1 ("My reason for [late] filing was due to illness."). In her response brief, plaintiff notes the following health problems that occurred either in 2005 or in the years preceding or following 2005: severe depression, suicidal ideation, alcoholism, a diagnosis of lupus, mental and physical illness, pneumonia and pleurisy. Pl.'s Resp. at 1. Plaintiff also notes that with the aid of a free clinic she was later able to turn her life around, get her lupus under control and get social security disability benefits. *Id.* Ms. Martinez also states that she seeks a tax refund for the 2005 tax year because she "needs this money to help pay medical bills." Compl. at 1.

After Ms. Martinez filed for a tax refund for the 2005 tax year, the IRS disallowed her claim as untimely, in either June or July of 2011. Def.'s Mot. Ex. 1 at A-2, Ex. 3 at A-10. Ms. Martinez appealed the disallowance of her refund claim to an IRS Appeals Office; no documentation as to the grounds of her appeal have been provided by the parties. It appears that the excuse of illness was presented by Ms. Martinez and that the appeals officer requested a physician's statement as proof of disabling illness. *Id.* Ex. 3 at A-10. There is no evidence that Ms. Martinez provided a physician's statement to the IRS; the appeals officer denied the appeal on February 8, 2012, closed her case and notified Ms. Martinez of her right to file suit in this court. *Id.*

Ms. Martinez filed her refund suit in this court on February 7, 2013 and paid a $350 filing fee which, she states, has caused her financial hardship. *See* Pl.'s Resp. at 2 ("I really had to do without in order to pay the $350.00 filing fee."). Defendant has moved to dismiss this case for lack of jurisdiction. Ms. Martinez was offered the opportunity to present a formal response brief to replace the letter

she sent to defendant's counsel. Order of May 13, 2013. Having received no further filings from plaintiff, defendant's motion is ripe for a ruling by the court.

## DISCUSSION

### I. *Pro Se* Litigants

The court acknowledges that Ms. Martinez is proceeding *pro se* and is "not expected to frame issues with the precision of a common law pleading." *Roche v. U.S. Postal Serv.*, 828 F.2d 1555, 1558 (Fed. Cir. 1987). *Pro se* plaintiffs are entitled to a liberal construction of their pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (requiring that allegations contained in a *pro se* complaint be held to "less stringent standards than formal pleadings drafted by lawyers"). Accordingly, the court has examined the complaint and response brief thoroughly and has attempted to discern all of plaintiff's arguments.

### II. Jurisdictional Framework

#### A. Tucker Act

Pursuant to the Tucker Act, the United States Court of Federal Claims has jurisdiction "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2006). The Tucker Act, however, "does not create any substantive right enforceable against the United States for money damages. The Court of Claims has recognized that the Act merely confers jurisdiction upon it whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976) (citation omitted). A plaintiff coming before the United States Court of Federal Claims, therefore, must identify a separate provision of law conferring a substantive right for money damages against the United States. *Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004) (citing *Testan*, 424 U.S. at 398).

#### B. Refund Suit Jurisdiction

In the present case, plaintiff seeks a tax refund for overpayment in the

4

amount of $3238 for the 2005 tax year. The Court of Federal Claims has jurisdiction over tax refund claims pursuant to 28 U.S.C. § 1346(a)(1) (2006) and 28 U.S.C. § 1491(a)(1). *Foreman v. United States*, 60 F.3d 1559, 1562 (Fed. Cir. 1995). However, certain prerequisites must be met before a plaintiff may properly invoke this court's jurisdiction over tax refund claims.

### C.  Sections 7422 and 6511(a)

First, a plaintiff must have satisfied 26 U.S.C. § 7422 (2006) which provides that: "No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary . . . ." 26 U.S.C. § 7422(a). Second, a plaintiff must comply with 26 U.S.C. § 6511(a) which requires that a tax refund be filed within either: (1) three years from the date on which the return giving rise to the refund claim was filed; or (2) two years from the date on which the tax was paid, whichever is later. Together, § 7422(a) and § 6511(a) dictate that before a plaintiff may pursue a tax refund suit, he or she must file a claim for a refund from the IRS within the window of time prescribed by § 6511(a). *See United States v. Dalm*, 494 U.S. 596, 602 (1990) (stating that "unless a claim for refund of a tax has been filed within the time limits imposed by § 6511(a), a suit for refund, regardless of whether the tax is alleged to have been 'erroneously,' 'illegally,' or 'wrongfully collected,' §§ 1346(a)(1), 7422(a), may not be maintained in any court").

It is well-settled that satisfaction of these filing requirements is a jurisdictional prerequisite to suit in the Court of Federal Claims. *Sun Chem. Corp. v. United States*, 698 F.2d 1203, 1206 (Fed. Cir. 1983) ("It is a well-established rule that a timely, sufficient claim for refund is a jurisdictional prerequisite to a refund suit.") (citations omitted); *Stelco Holding Co. v. United States*, 42 Fed. Cl. 101, 104 (1998) ("It is firmly settled that a properly filed administrative claim for refund is the indispensable prerequisite to this court's exercise of jurisdiction over a taxpayer's suit for refund.") (citations omitted). Strict compliance with § 6511(a)'s limitations period is essential because "[u]nder settled principles of sovereign immunity, the United States, as sovereign, is immune from suit, save as it consents to be sued . . . and the terms of its consent to be sued in any court define

5

that court's jurisdiction to entertain the suit." *Stelco Holding*, 42 Fed. Cl. at 104 n.5 (citing *Dalm*, 494 U.S. at 608) (internal quotations omitted). As explained below, Ms. Martinez's refund claim is timely under § 6511(a).

Ms. Martinez filed her 2005 tax return, which also included her claim for refund, with the IRS on March 20, 2011. *See* Def.'s Mot. Ex. 1 at A-2 (showing a filing date of March 20, 2011), Ex. 2 at A-5 (showing a signature date on the tax return of February 20, 2011). The tax return represented that Ms. Martinez was entitled to a refund. *See* Def.'s Mot. Ex. 2 at A-5. Plaintiff's taxes for 2005 had been timely paid on April 15, 2006 because her employer had withheld federal income taxes from her paychecks in 2005 and had submitted the payment to the IRS on her behalf. Def.'s Mot. at 2 (citing 26 U.S.C. § 6513(b)(1) (2006)), Ex. 1 at A-2.

As previously discussed, § 6511(a) allows a taxpayer to file a claim for refund "within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later." 26 U.S.C. § 6511(a). Here, although the two-year window for filing a refund claim expired on April 15, 2008 (two years after her withholding tax was paid to the IRS), the three-year window for filing a refund claim will not expire until March 20, 2014 (three years after the 2011 filing of her 2005 tax year return). Thus, because Ms. Martinez filed her claim for refund simultaneously with her 2005 tax return, her claim for refund is timely under § 6511(a) because it was filed within three years of the filing of her tax return, *i.e.*, her refund claim was filed well before the closing of the later window on March 20, 2014. *See* Def.'s Mot. at 4 (stating that "plaintiff necessarily complied with the requirement of § 6511(a) to file her refund claim 'within 3 years from the time the return was filed'"); *see also VanCanagan v. United States*, 231 F.3d 1349, 1351 (Fed. Cir. 2000) (holding that the timeliness requirement in § 6511(a) was satisfied in that case because "the [refund] claim . . . was filed within three years of (actually, on the same date as) the filing of the return").

**D.    Section 6511(b)(2)(A)**

    **1.    Plaintiff's Suit is Barred by Section 6511(b)(2)(A), Unless a Statutory Tolling Provision Applies**

Unfortunately for plaintiff, there is another timeliness requirement in § 6511 to be overcome before she can proceed with her refund suit, and this requirement, too, according to defendant and to the greater weight of authority, is jurisdictional. The relevant provision states, in part, that

> the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years[.]

26 U.S.C. § 6511(b)(2)(A). Often described as a "look-back" provision, § 6511(b)(2)(A) precludes monetary recovery in a refund suit such as the one brought by Ms. Martinez if no tax has been paid within the three years preceding the date the refund claim was submitted to the IRS.[3] *See, e.g., Doyle v. United States*, 88 Fed. Cl. 314, 321-22 (2009) (noting that even when a plaintiff has satisfied the timeliness requirement in § 6511(a), no recovery is possible unless that plaintiff has also paid taxes during the relevant "look-back period"). Here, there is no dispute that Ms. Martinez's taxes for 2005 were paid on April 15, 2006. However, her look-back period, running backward from a March 20, 2011 filing date, only extended to March 20, 2008. Because all of the relevant taxes were fully paid in 2006, and none were paid after March 20, 2008, § 6511(b)(2)(A) bars any recovery in this lawsuit, unless statutory tolling of the limitations period is applicable to plaintiff's circumstances.

### 2. The Limitation in Section 6511(b)(2)(A) is Jurisdictional

There is, as defendant has noted, a split in authority as to whether the look-back period limitation set forth in § 6511(b)(2)(A) is jurisdictional. Several decisions of this court have held that a plaintiff whose recovery is barred by § 6511(b)(2)(A) has failed to establish subject matter jurisdiction for his or her suit. *E.g., Plati v. United States*, 99 Fed. Cl. 634, 641 (2011) (citing *United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1 (2008)); *Doyle*, 88 Fed. Cl. at 322 (citing *Dumont v. United States*, 345 F. App'x 586 (Fed. Cir. 2009)). Other decisions of this court suggest that when recovery is barred by § 6511(b)(2)(A), the complaint should be dismissed for failure to state a claim. *E.g., Murdock v. United*

---

[3] In circumstances not relevant here, the look-back period may be lengthened by extensions received for filing a tax return. 26 U.S.C. § 6511(b)(2)(A).

*States*, 103 Fed. Cl. 389, 392-94 (2012); *Rinaldi v. United States*, 30 Fed. Cl. 164, 166 n.2 (1993) (citing *McGregor v. United States*, 225 Ct. Cl. 566 (1980); *Craiglow v. United States*, 212 Ct. Cl. 542 (1976)).

The strongest authority, in the court's view, that the limitation in § 6511(b)(2)(A) is *not* jurisdictional, is the fact that the Court of Claims treated this bar to recovery as a complaint's failure to state a claim. *E.g.*, *McGregor*, 225 Ct. Cl. at 567. *McGregor* and similar decisions, however, pre-date *United States v. Brockamp*, 519 U.S. 347 (1997), which specifically addressed the limitations imposed by various provisions in § 6511. *Brockamp* described § 6511(b)(2)(A) as a "substantive limitation[]," 519 U.S. at 351, and stated that the time limitations in § 6511 are "unusually emphatic," *id.* at 350. The Court of Claims decisions referenced *supra* also pre-date *Commissioner v. Lundy*, 516 U.S. 235, 238-40, 245 (1996), which considered a look-back period similar to the one in § 6511(b)(2)(A) to be jurisdictional for cases brought in the United States Tax Court. In light of this Supreme Court precedent, the court must look at more recent authority to determine whether the look-back period limitation in § 6511(b)(2)(A) is indeed jurisdictional.

The court has found no precedential decision from the United States Court of Appeals for the Federal Circuit that is directly on point. There is a sentence in a non-precedential opinion from the Federal Circuit that states that § 6511(b)(2)(A) *is* jurisdictional. *See Dumont*, 345 F. App'x at 590 ("Under this statutory scheme, the provisions in issue in this case – §§ 6511(a), 6511(b)(2), and 6532(a)(1) – are all jurisdictional in nature, and a suit that fails to satisfy any of these provisions must be dismissed for lack of subject matter jurisdiction.") (citing *Lundy*, 516 U.S. at 240; *In re Long-Distance Tel. Serv. Fed. Excise Tax Refund Litig.*, 539 F. Supp. 2d 281, 296 (D.D.C. 2008)). The United States Court of Appeals for the First Circuit and the United States Court of Appeals for the Ninth Circuit, in precedential opinions, have both held that the limitation in § 6511(b)(2)(A) is jurisdictional, and the United States Court of Appeals for the Fourth Circuit, in a precedential opinion, has affirmed a dismissal for lack of jurisdiction based on this limitation. *See Dickow v. United States*, 654 F.3d 144, 149 (1st Cir. 2011) (specifically relying on *Lundy*, 516 U.S. at 240, 241-53, for its jurisdictional analysis); *Zeier v. United States*, 80 F.3d 1360, 1364 (9th Cir. 1996) ("Following the Supreme Court in *Lundy*, we hold that § 6511(b)(2)(A) is jurisdictional."); *Blatt v. United States*, 34 F.3d 252, 257 (4th Cir. 1994) (affirming the dismissal of a

claim time-barred by § 6511(b)(2)(A) for lack of jurisdiction). Together these decisions indicate that the limitations period in § 6511(b)(2)(A) is jurisdictional.

The court views the following authorities as controlling as to the jurisdictional nature of the limitations period set forth in § 6511(b)(2)(A). The Court of Claims recognized that § 6511(b)(2)(A) functions as a statute of limitations. *See Harvey v. United States*, 226 Ct. Cl. 605, 607 (1981) ("Plaintiff herein has failed to satisfy the applicable statute of limitations [in § 6511(b)(2)(A)] by a wide margin."). The Supreme Court in *Brockamp* held that the version of § 6511 then in force contained limitations periods that could not be equitably tolled. 519 U.S. at 354 ("Congress did not intend the 'equitable tolling' doctrine to apply to § 6511's time limitations."). The Supreme Court in *Lundy* considered the look-back period in § 6511(b)(2)(B), which is indistinguishable in nature from the look-back period in § 6511(b)(2)(A), to be jurisdictional. 516 U.S. at 240, 245. The Federal Circuit has recognized that "[i]n the context of tax refund suits, the United States sovereign immunity is construed narrowly and jurisdiction of the Court of Federal Claims is limited by the Internal Revenue Code, including 26 U.S.C. § 7422 [and its requirement that a claim be duly filed]." *Waltner v. United States*, 679 F.3d 1329, 1332 (Fed. Cir. 2012) (citing *Clintwood Elkhorn*, 553 U.S. at 8-9). Based on the authorities cited herein, the court concludes that the limitations period posed by § 6511(b)(2)(A) is jurisdictional for cases brought in this court.

### III.    Standard of Review for a Motion to Dismiss For Lack of Jurisdiction

In considering the issue of subject matter jurisdiction, this court must presume all undisputed factual allegations in the complaint to be true and construe all reasonable inferences in favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *abrogated on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800, 814-15 (1982); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed. Cir. 1988). However, plaintiff bears the burden of establishing subject matter jurisdiction, *Alder Terrace, Inc. v. United States*, 161 F.3d 1372, 1377 (Fed. Cir. 1998) (citing *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936)), and must do so by a preponderance of the evidence, *Reynolds*, 846 F.2d at 748 (citations omitted). The court may inquire into evidence outside the pleadings to establish jurisdictional facts. *Id.* at 747; *Rogers v. United States*, 95 Fed. Cl. 513, 514-15 (2010) (citations omitted). If jurisdiction is found to be lacking, this

court must dismiss the action. RCFC 12(h)(3).

## IV. Analysis

### A. Statutory Framework for Tolling of the Limitations Period

The primary question before the court is whether Ms. Martinez qualifies for statutory tolling of the look-back period established by § 6511(b)(2)(A). The relevant statutory tolling provision, § 6511(h), provides, in relevant part, that

> [i]n the case of an individual, the running of the periods specified in subsections [6511](a), (b), and (c) shall be suspended during any period of such individual's life that such individual is financially disabled.

26 U.S.C. § 6511(h)(1).[4] The statute further provides that

> an individual is financially disabled if such individual is unable to manage his financial affairs by reason of a medically determinable physical or mental impairment of the individual which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. An individual shall not be considered to have such an impairment unless proof of the existence thereof is furnished in such form and manner as the Secretary may require.

*Id.* § 6511(h)(2)(A). The exception does not apply, however, in the following circumstances:

> An individual shall not be treated as financially disabled during any period that such individual's spouse or any

---

[4] The United States Tax Court has explained that § 6511(h)'s disability tolling provision was added to the Internal Revenue Code as a response to *Brockamp*, which held that § 6511 was not subject to equitable tolling. *Brosi v. Comm'r*, 120 T.C. 5, 12 n.6 (2003) (citations omitted).

> other person is authorized to act on behalf of such
> individual in financial matters.

*Id.* § 6511(h)(2)(B). Thus, in a case such as the one now before the court, the term "financially disabled" refers to the existence of physical or mental health problems that lasted at least twelve months and which were severe enough to have rendered the taxpayer unable to manage her financial affairs, but does not apply to a taxpayer for whom someone was authorized during that period of impairment to manage the taxpayer's financial affairs.[5]

### B. Procedure for Proving that the Taxpayer Was Financially Disabled

A taxpayer who wishes to toll the look-back period of § 6511(b)(2)(A) by invoking § 6511(h) must furnish proof "in such form and manner as the Secretary may require." 26 U.S.C. § 6511(h)(2)(A). The proper "form and manner" for such proof are set forth in Revenue Procedure 99-21. Rev. Proc. 99-21, 1999-1 C.B. 960. In general, the two "statements" required by Revenue Procedure 99-21 should be provided with the refund claim itself, although it is not unusual for the statements to be supplied later upon request from the IRS. *See* Rev. Proc. 99-21 § 4 ("Unless otherwise provided in IRS forms and instructions, the following statements are to be submitted with a claim for credit or refund of tax to claim financial disability for purposes of § 6511(h)."); *see also* Def.'s Mot. Ex. 3 at A-10 (noting a request from an IRS Appeals Office, once her refund claim had been disallowed, that Ms. Martinez provide a physician's statement as required by Revenue Procedure 99-21).

The first statement required of the taxpayer is a detailed statement from a physician, which must include four specific representations of fact as to the taxpayer's financial disability, as well as the physician's certification that the

---

[5] Plaintiff's response brief indicates that she may have misunderstood the term "financially disabled"; she has provided evidence to the court of *financial need* due to limited income, outstanding debt related to medical treatments, and the projected costs of further medical procedures. *See* Pl.'s Resp. at 2 ("Mr. Knapp is requesting [proof of] a financial disability. Enclosed, please find bills that I owe . . . for dental work that I need[;] . . . some are estimates for work needed that I cannot afford."), 5 (enclosing documentation of her Social Security Disability Insurance benefit amount).

11

representations are "true, correct and complete." Rev. Proc. 99-21 § 4(1)(a)-(e). The statement from the physician must: (1) name and describe the disabling condition(s); (2) provide the physician's opinion that the condition (or conditions) rendered the taxpayer unable to manage her financial affairs; (3) provide the physician's opinion that the impairment lasted at least twelve months; and, (4) to the best of the physician's knowledge, identify the period of time that the financial disability lasted. *Id.* § 4(1)(a)-(d). The court notes that only certain types of medical professionals qualify as "physician" for the purposes of providing such a statement. *See id.* § 4(1) (referencing 42 U.S.C. § 1395x(r) (2006) and its definition of physician, including, generally, "a doctor of medicine or osteopathy[,] . . . a doctor of dental surgery or of dental medicine[,] . . . a doctor of podiatric medicine[,] . . . a doctor of optometry, . . . or . . . a chiropractor"). The second statement required of the taxpayer is a certification by the signatory of the refund claim that the taxpayer had no one authorized to act on her behalf in financial matters at the relevant time period of disability, or, if someone was authorized to act on her behalf for some portion of the relevant period of disability, a statement as to the start and end dates said person was authorized to act on the taxpayer's behalf in financial matters. *Id.* § 4(2).

### C.  No Tolling Where Revenue Procedure 99-21 Has Not Been Followed

According to defendant, failure to submit the materials required by Revenue Procedure 99-21 to the IRS denies a plaintiff recourse to the tolling mechanism set forth in § 6511(h). Def.'s Mot. at 5-6; Def.'s Reply at 2-3. The strongest authority for defendant's argument is found in *Abston v. Commissioner*, 691 F.3d 992 (8th Cir. 2012). The facts in *Abston* are indistinguishable from the facts in this case. Furthermore, the reasoning in *Abston* is compelling.

At the outset of its discussion of the significance of a taxpayer's failure to comply with Revenue Procedure 99-21, the United States Court of Appeals for the Eighth Circuit noted that failure to provide the requested information had denied tolling of limitations periods to a number of tax refund plaintiffs:

> Abston failed to comply with Revenue Procedure 99-21 when she did not submit a physician statement with her initial refund claim, or during her administrative appeal of

> the claim denial, despite explicit warnings by the IRS of the need to do so. Although no circuit court has considered this issue, numerous district courts have dismissed taxpayer refund suits as time-barred by § 6511 because the taxpayer's claim of financial disability was not supported by a physician's statement complying with Revenue Procedure 99-21.

*Abston*, 691 F.3d at 995 (citing cases). Ms. Abston suggested that failure to comply with Revenue Procedure 99-21 was not fatal to her claim, but the Eighth Circuit disagreed:

> Abston argues that the failure to comply with Revenue Procedure 99-21 should not be dispositive – that the district court should have made an independent determination that she was "financially disabled" for purposes of § 6511(h) after she submitted an affidavit and 137 pages of medical records that chronicled her medical conditions. We reject this contention for multiple reasons.

*Id.* The court then gave three reasons why failure to comply with Revenue Procedure 99-21 was dispositive of the claim in that case.

The Eighth Circuit began with an analysis of the plain meaning of the statute:

> First, [appellant's] contention is contrary to the plain meaning of the statute. Federal courts have no jurisdiction over a tax refund suit "until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard." 26 U.S.C. § 7422(a); *see Lundy*, 516 U.S. at 239-40, 116 S. Ct. 647. Section[] 6511(h)(2)(A) expressly provides that a taxpayer "shall not be considered [financially disabled] unless proof of [a disabling impairment] is furnished in such form and manner as the Secretary may require." Thus, Abston's refund claim was not "duly filed." The

> limited waiver of sovereign immunity in § 6511(h) does not grant district courts power to decide *de novo* that a taxpayer was financially disabled.

*Id.* Next, the court discussed *Brockamp* and the distinction between explicit instructions in a statutory tolling provision and more general equitable tolling principles:

> Second, the independent judicial determination of financial disability Abston seeks would be the kind of nonstatutory tolling the Supreme Court barred in *Brockamp*. The administrative burden of responding to late claims, the Court explained, "tells us that Congress would likely have wanted to decide explicitly whether, or just where and when, to expand the statute's limitations periods, rather than delegate to the courts a generalized power to do so whenever a court concludes that equity so requires." 519 U.S. at 353, 117 S. Ct. 849. The judicial remedy Abston urges is contrary to that principle and therefore beyond the power of the lower federal courts.

*Id.* at 995-96. Finally, the court considered Ms. Abston's challenge to Revenue Procedure 99-21, and found that the IRS had not exceeded the authority given it by Congress. In this regard, the Eighth Circuit stated:

> Congress defined "financial disability" as meaning that an individual "is unable to manage his financial affairs by reason of a medically determinable physical or mental impairment." § 6511(h)(2)(A). Knowing that the IRS would need to fairly and efficiently process a potentially large number of such claims, Congress instructed the Secretary to prescribe the method by which an individual could prove such an impairment. In Revenue Procedure 99-21, the Secretary logically prescribed, "Bring a doctor's note." Under any standard of judicial review of executive agency action, we must uphold this threshold requirement as an appropriate exercise of the authority

> Congress delegated to the Secretary. . . . Because Abston failed to submit a physician's statement altogether, we agree with the district court that she did not provide the IRS with probative evidence of financial disability, and therefore her claim was properly denied as time-barred by § 6511(b)(2)(A).

*Id.* at 996.

This court agrees with the reasoning presented in *Abston*. Failure to provide the IRS with a physician's statement that substantially complies with Revenue Procedure 99-21 denies a taxpayer recourse to the tolling provision in § 6511(h). This court cannot conduct a *de novo* proceeding to determine whether or not a taxpayer was financially disabled; a necessary predicate to a refund suit challenging the IRS's refusal to apply tolling under § 6511(h) is the provision to the IRS of the materials required by Revenue Procedure 99-21 in support of the taxpayer's refund claim.

### D. Because Plaintiff Cannot Toll the Limitations Period in Section 6511(b)(2)(A), Her Suit Fails for Lack of Jurisdiction

Here, Ms. Martinez has not alleged that she provided a physician's statement to the IRS, despite a request that she do so. Plaintiff has not met her burden to show that she complied with Revenue Procedure 99-21 or that she is entitled to statutory tolling through § 6511(h). Because statutory tolling does not apply, her suit is time-barred by § 6511(b)(2)(A). The complaint must be dismissed for lack of jurisdiction.[6]

### E. IRS Taxpayer Advocates and Volunteer Lawyers

While this court has held that it cannot hear this case under the provisions of the Internal Revenue Code, in recognition of plaintiff's *pro se* status the court

---

[6] The court notes that if it has erred in its analysis and the limitations period in § 6511(b)(2)(A) is not jurisdictional, the court finds, in the alternative, that plaintiff's suit is time-barred by § 6511(b)(2)(A) and should be dismissed for failure to state a claim upon which relief may be granted. Thus, in the event plaintiff's claim is not precluded by RCFC 12(b)(1), it still fails under RCFC 12(b)(6).

directs her attention to resources that might provide her with assistance. According to the IRS website, "[i]f you have an ongoing issue with the IRS that has not been resolved through normal processes, or you have suffered, or are about to suffer a significant hardship/economic burden as a result of the administration of the tax laws, contact the Taxpayer Advocate Service." Internal Revenue Service Help & Resources, at http://www.irs.gov/Help-&-Resources (last visited July 24, 2013). The IRS website lists the phone number for the Local Taxpayer Advocate in Chicago, Illinois as 312-292-3800, and national number for taxpayer advocates as 1-877-777-4778.

In addition, many attorneys provide voluntary legal services for persons who cannot afford legal counsel. Such attorneys may offer their services through free legal clinics, pro bono (volunteer) programs at law firms, or non-profit groups dedicated to promoting access to justice. Ms. Martinez, if she wishes to continue to pursue a tax refund for tax year 2005, could attempt to obtain representation from a volunteer lawyer.

## CONCLUSION

For the foregoing reasons, plaintiff's claim must be dismissed. Although the court has sympathy for Ms. Martinez and her situation, the tax laws do not provide her with a remedy from this court. Accordingly, it is hereby **ORDERED** that:

(1) Defendant's Motion to Dismiss the Complaint, filed April 3, 2013, is **GRANTED**;

(2) The Clerk's Office is directed to **ENTER** final judgment in favor of defendant **DISMISSING** the complaint, **without prejudice**; and

(3) Each party shall bear its own costs.

/s/ Lynn J. Bush
LYNN J. BUSH
Judge